J-S23015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL RICCITELLO :
:
Appellant : No. 3545 EDA 2019

Appeal from the PCRA Order Entered October 30, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004089-2013

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 24, 2020**

Appellant Michael Riccitello appeals *pro se* from the order dismissing his fourth Post Conviction Relief Act (PCRA) petition as untimely and previously litigated. Appellant argues that his sentence was illegal because the Commonwealth failed to present a fact enhancing his sentence to a jury for a finding of proof beyond a reasonable doubt. Appellant further contends that he is entitled to a PCRA time-bar exception under 42 Pa.C.S. § 9545(b)(1)(iii). We affirm.

The PCRA court has summarized the procedural history of this matter, and we need not restate it here. *See* PCRA Ct. Op., 1/24/20, at 1-3. We briefly reiterate that on September 9, 2013, the trial court accepted Appellant's negotiated guilty pleas in this case and a companion case and

sentenced Appellant to an agreed-upon term of ten to twenty years' imprisonment for robbery—threat of immediate serious injury in this case.[1]

Appellant did not take a direct appeal, but filed three previous PCRA petitions, none of which merited relief. In his third PCRA petition, which he filed in July 2018, Appellant challenged the legality of his sentence asserting that he was sentenced using a mandatory minimum sentencing provision held unconstitutional in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014). The PCRA court dismissed that petition, and this Court affirmed. *See Commonwealth v. Riccitello*, 3062 EDA 2018, 2019 WL 2246616 (Pa. Super. filed May 24, 2019) (unpublished mem.). In so doing, this Court noted that there was no indication that the trial court imposed a mandatory minimum and, therefore, Appellant could not rely on *Alleyne* as a basis for the PCRA timeliness exception under Section 9545(b)(1)(iii). *Riccitello*, 2019 WL 2246616 at *3. However, this Court vacated the PCRA court's order entered in the companion case docketed at 3466-2013, because Appellant did not file a PCRA petition in that case. *Id.* at *2.

Appellant filed the instant fourth PCRA petition *pro se*, which was docketed in the PCRA court on September 16, 2019. Rather than referring to the former mandatory minimum sentencing statute, Appellant asserted he

---

[1] In the companion case docketed at CP-09-CR-0003466-2013 (3466-2013), Appellant pled guilty to robbery and the trial court sentenced him to a concurrent sentence of ten to twenty years' imprisonment.

- 2 -

was sentenced based on the application of the weapons enhanced/used matrix. Appellant again asserted that the trial court imposed an unconstitutional sentence. Appellant argued that *Alleyne* should apply in his case and that the rights recognized in *Alleyne* applied retroactively. Appellant also alleged that this Court previously found that his sentence in 3466-2013 was unconstitutional and that this Court granted him relief by vacating the PCRA court's order in that case.

On September 25, 2019, the PCRA court issued a notice of its intent to dismiss Appellant's fourth PCRA petition. Appellant filed a *pro se* motion for reconsideration. The PCRA court entered an order dismissing Appellant's petition on October 30, 2019, and subsequently denied Appellant's motion for reconsideration on November 14, 2019.

Appellant filed a timely notice of appeal on November 25, 2019,[2] and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion indicating that Appellant untimely filed his fourth PCRA petition and that Appellant previously litigated his issues related to *Alleyne*. PCRA Ct. Op, 1/24/20, at 5-6.

Appellant presents the following questions in his *pro se* brief:

---

[2] Because Appellant timely filed his notice of appeal from the October 30, 2019 order formally dismissing his fourth PCRA petition, we need not consider whether the PCRA court should have treated Appellant's "motion for reconsideration" as a response to the Rule 907 notice rather than entering a separate order denying reconsideration.

[1]. Does the statute, deemed unconstitutional by the High Court apply retroactively in Appellant's claim?

[2]. Did the trial court err in enhancing sentence whereby failing to submit all elements of the charge to the fact finder for proof beyond a reasonable doubt?

Appellant's Brief at 6.

We summarize Appellant's arguments together as they are closely related. Although Appellant referred to the sentencing enhancement matrix in his fourth PCRA petition, on appeal, he insists that "the mandatory minimum statutes that Appellant was sentenced under are unconstitutional" based on *Alleyne*. *Id.* at 10. He contends that the rule announced in *Alleyne* applies retroactively because it is a watershed rule of criminal procedure. *Id.* at 11. Moreover, Appellant asserts he is entitled to relief from the PCRA time-bar under the newly recognized constitutional right exception. *Id.* at 12. In support, he contends that Section 9545(b)(1)(iii) does not require the United States Supreme Court or Pennsylvania Supreme Court to announce that new constitutional rule applies retroactively, only that one of those Courts apply the new rule retroactively. *Id.* at 12. Appellant argues that nothing in Section 9545(b)(2) requires that he file a petition within sixty days of the day a court announces or applies a new constitutional rule retroactively. *Id.* at 13.

Appellant further argues that he was sentenced to an enhanced minimum sentence in violation of his constitutional rights because "the factual prerequisites were not charged in the indictment nor submitted to a jury and proven beyond a reasonable doubt." *Id.* at 15. Appellant suggests that in

light of **Alleyne**, the application of a mandatory minimum statute was void *ab initio*. **Id.** at 14 (citing **Johnson v. United States**, 135 S. Ct. 2551 (2016)). Appellant concludes that he is entitled to have his sentence vacated. **Id.**

In response, the Commonwealth argues that Appellant failed to establish any of the three PCRA time-bar exceptions. With respect to Appellant's arguments based on Section 9545(b)(1)(iii), the Commonwealth asserts that neither the United States nor Pennsylvania Supreme Courts have held that **Alleyne** applies retroactively to cases like his on collateral review. Commonwealth's Brief at 12. The Commonwealth notes that in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court held that "**Alleyne** does not apply to cases, like Appellant's, on collateral review." **Id.** The Commonwealth further contends that Appellant is not entitled to relief on the merits of his petition because Appellant was not sentenced to a mandatory minimum sentence. **Id.** at 14-15.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Id.** (citation omitted). A judgment is final "at the conclusion

of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petition invoking any one of the exceptions "shall be filed within 60 days of the date the claim could have been presented."[3] 42 Pa.C.S. § 9545(b)(2).

The new constitutional right exception has two requirements: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and (2) "the right 'has been held' by 'that court'

---

[3] We note that the amended subsection (b)(2) providing that a petition must be filed within one year of the date the claim could have been presented applies only to claims arising on or after December 24, 2017; Appellant's claims predate that date. 2018 Pa. Legis. Serv. Act 2018-146 (West).

to apply retroactively." ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014) (citation and brackets omitted). The ***Miller*** Court explained that "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." ***Id.*** at 995 (citations omitted).

Following our review, we agree with the PCRA court that Appellant failed to establish his fourth PCRA petition was timely filed. First, ***Alleyne*** did not announce a new constitutional right that applies retroactively for the purpose of Section 9545(b)(1)(iii). ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). ***But see Commonwealth v. DiMatteo***, 177 A.3d 182, 192 (Pa. 2018) (noting that "[a]lthough ***Washington*** may be read to suggest that it forecloses ***Alleyne***-based relief on collateral attack, its true holding is that ***Alleyne*** does not apply to cases where the judgment of sentence was final prior to ***Alleyne***, because if the judgment of sentence was not final, then its application is not truly 'retroactive'" (citations omitted)).

Second, even if Appellant was entitled to rely on ***Alleyne*** in a collateral challenge to his sentence, Appellant failed to plead or prove that he could not have raised an ***Alleyne*** claim in a direct appeal, a timely filed PCRA petition, or in a facially untimely PCRA petition filed within sixty days from the date his could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) ("With regard to an after-recognized constitutional right, this Court has held that the sixty-day period

begins to run upon the date of the underlying judicial decision" (citation omitted)). To the extent that Appellant asserts he was not required to file a petition within sixty days of ***Alleyne***, that assertion merits no relief. ***See Boyd***, 923 A.2d at 517; ***see also Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa. Super. 2016) (noting that Pennsylvania decisions applying ***Alleyne*** do not establish a basis for a PCRA time-exception). Accordingly, Appellant's failed to meet the requirement of Section 9545(b)(2).

In any event, as this Court noted with respect to the order dismissing Appellant's third PCRA petition, Appellant cannot rely on a newly announced constitutional right where he failed to establish that he was sentenced pursuant to a mandatory minimum sentence statute. ***See Riccitello***, 2019 WL 2246616 at *3 (discussing ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016), for the proposition that even if the newly recognized constitutional right regarding juvenile life without parole sentence was held to be retroactive in ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), that right did not apply to individuals over the age of eighteen when they committed their offense and therefore could not be the basis for a PCRA time-bar exception). Similarly, because Appellant failed to establish any sentencing procedure impacted by ***Alleyne***, Appellant's fourth PCRA petition would have failed on its merits.[4]

_____

[4] To the extent Appellant pled in his fourth PCRA petition that he was unconstitutionally sentenced based on the deadly weapons enhancement in

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20

---

the Sentencing Guidelines, his reliance on **Alleyne** as a PCRA time-bar exception suffers from the same defect. **Alleyne** is not a constitutional rule that applies to the deadly weapons matrix in the Sentencing Guidelines. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*); **accord Commonwealth v. Chickin**, ___ A.3d ___, ___, 2020 PA Super 121, 2020 WL 2552803, at *7 (Pa. Super. filed May 20, 2020) (indicating that **Alleyne** "did not intend to restrict a sentencing court's discretion to consider numerous factors when imposing a sentence within the sentencing guideline ranges . . . ." (emphasis and citation omitted)).

We add that while Appellant states that this Court previously found Appellant's sentence was unconstitutional in the companion case in 3466-2013, Appellant mischaracterizes this Court's decision. As noted above, this Court addressed Appellant's third PCRA petition and vacated an order the PCRA court entered in the companion case at 3466-2013. **See Riccitello**, 2019 WL 2246616 at *2. We did so only because Appellant did not file his third PCRA petition in 3466-2013, and without a petition being filed in that case, any actions taken by the PCRA court were nullities. **See id.** Indeed, we added that even if Appellant filed his third PCRA petition under 3466-2013, it would have been untimely. **Id.** at *2 n.5.